FILED
January 29, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002383870

PAGES 4

GORDON W. EGAN (SBN 111470)
SIGNATURE LAW GROUP LLP
3400 Bradshaw Road, Suite A4-A
Sacramento, CA 95827
Telephone: (916) 362-2660
Fax: (916) 880-5255
Email: gegan@signaturelawgroup.com

Attorney for
**The Homsy Family Revocable Living Trust**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

In Re:

Kobra Properties, a California general partnership, et al.[1]

Debtor(s)

CASE NO.: 08-37271-C-11
Jointly Administered – Chapter 11

**Docket Control No. GWE-01**

**Date:** February 16, 2010
**Time:** 9:30 AM
Judge: Klein
Courtroom: 35, Dept C
Place: 501 "I" Street, 6th Floor
Sacramento, CA 95814

MOTION BY THE HOMSY FAMILY REVOCABLE LIVING TRUST
TO COMPEL ABANDONMENT OF PROPERTY
(KOBRA PROPERTIES I, LLC)
[11 U.S.C. § 554; Fed. R. Bankr. P. 6007(b)]

---

[1] The Debtors in these jointly administered bankruptcy cases are Kobra Properties, a California general partnership, Kobra Preserve, LLC, a California limited liability company, Vernon Street, a California limited liability company, and Rocky Ridge Center, a California limited liability company.

1

The Homsy Family Revocable Living Trust ("Homsy Trust") moves to compel the Trustee of Debtor's Chapter 11 estate to abandon Debtor's membership interest in Kobra Properties 1, LLP, a California limited liability company (the "Company"), pursuant to Bankruptcy Code Section 554, and in support of such Motion respectfully represents:

## Background

1. Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code (11 U.S.C. Section 101 et seq.) on November 25, 2008. Steven L. Victor has been appointed trustee in Debtor's case.

2. This court has jurisdiction to hear this motion pursuant to 28 U.S.C. §§1334 and 157(b)(2).

3. The Homsy Trust is an interested party under 11 U.S.C. Section 554 because it is the owner of all other membership interests in the Company.

## The Property

3. Debtor is the owner of a Fifty Percent (50%) membership interest in the Company. The Debtor is the manager of the Company. The remainder of the membership interests in the Company are owned by The Homsy Trust.

4. The Company is the sole owner of real property improved with a warehouse building located at 130 Cyber Court, Rocklin, California. The building is approximately 81,000 square feet. California Backyard, Inc. leases 41,000 square feet and New Life Electronics, LLC leases 20,000 square feet. The building has 20,000 square feet vacant.

5. The Property is currently encumbered by a deed of trust in favor of Wells Fargo Bank. The deed of trust was recorded in Official Records of Placer County on July 22, 2005 as Instrument No. 2005-0095516. The current principal balance of the underlying note is approximately $4,400,000. The payments on the underlying note are currently more than one month delinquent. The Company is current on property taxes, however, there are not sufficient

funds on hand or expected to pay the April installment of property taxes and the Company is currently in a payment plan with Placer County for prior years property tax delinquencies.

6. The Homsy Trust now estimates the current market value of the Property at between $2,200,000 and 3,500,000. Based on the capitalization of the existing leases with the vacant space leased at the same rate as the New Life Electronics lease, the building has a value of approximately $2,400,000.

7. As a part of his efforts to market properties of the estate, the Trustee has sought buyers for the Debtor's interest in the Company. According to discussions with the Trustee, no potential buyers for the Debtors interest have been located by the Trustee.

8. The Homsy Trust and the Debtor entered into a Forbearance Agreement with Wells Fargo in mid 2009. By its terms that agreement has expired and Wells Fargo has informed the Company it is in default in respect to various covenants under the Loan Agreement and Deed of Trust.

## Not Needed For Effective Reorganization

9. The Property, which is the sole asset of the Company, does not generate positive cash flow at this time. The market value of the property is probably over one million dollars less than the outstanding debt secured by the Property. Therefore the Debtor's interest has no monetary value to the Estate. Furthermore, there is no business connection between this property and other property of the Estate. The Estate has no equity in the Company or the Property.

## Conclusion

10. An order compelling the Trustee to Abandon the Debtor's interest in the Company is appropriate under Bankruptcy Code Section 554(b) because the Debtor has no equity in the Company or the Property, there is apparently no market for the Debtor's interest in the Company and the

Company is currently in default on its loan with Wells Fargo. Therefore the Company is not necessary for an effective reorganization of the Debtor.

Wherefore The Homsy Family Revocable Living Trust Prays:

1. For an order compelling the Trustee to abandon the Estate's membership interest in Kobra Properties I, LLC.
2. For such other relief as the Court deems just and proper.

Dated: January 29, 2010

SIGNATURE LAW GROUP, LLP
ATTORNEYS AT LAW

By: _____
Gordon W. Egan
Attorneys for Homsy Family
Revocable Living Trust

4