2008-37271
FILED
February 09, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

0002396081

DONALD W. FITZGERALD, State Bar No. 095348
JASON E. RIOS, State Bar No. 190086
JOAN S. HUH, State Bar No. 225724
FELDERSTEIN FITZGERALD
WILLOUGHBY & PASCUZZI LLP
400 Capitol Mall, Suite 1450
Sacramento, CA 95814
Telephone: (916) 329-7400
Facsimile: (916) 329-7435
dfitzgerald@ffwplaw.com
jrios@ffwplaw.com
jhuh@ffwplaw.com

Attorneys for the Chapter 11 Trustee, Steven L. Victor

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>KOBRA PROPERTIES, a California general partnership et al.,[1]<br><br>Debtors. | CASE NO.: 08-37271-C-11<br><br>Chapter 11<br><br>Jointly Administered<br><br>DCN: FWP-23<br><br>Date: January 14, 2010<br>Time: 2:00 p.m.<br>Judge: Honorable Christopher Klein<br>Courtroom: 35, Department C |

**ORDER AUTHORIZING AND APPROVING (1) SALE OF PROPERTY AT 4410 ROCKLIN ROAD, ROCKLIN, CALIFORNIA FREE AND CLEAR OF CERTAIN LIENS, CLAIMS, AND ENCUMBRANCES, (2) PAYMENT OF UNDISPUTED OR COMPROMISED LIENS AND (3) RELATED RELIEF**

**[PROPERTY NUMBER A-5]**

On October 20, 2009, Steven L. Victor, as Trustee (the "Trustee") of the Chapter 11 estate of Kobra Properties, a California general partnership ("Debtor"), filed the Chapter 11 Trustee's Motion for the Entry of Orders (I) Approving Sale Procedures with Respect to the Sale of Real Property and Overbid Procedures, Including Break-Up Fee Relating Thereto, (II) Authorizing the Sale of Real Property Free and Clear of All Liens, Claims, and Encumbrances Pursuant to Section

---

[1] The Debtors in these jointly administered bankruptcy cases are: Kobra Properties, a California general partnership, Kobra Preserve, LLC, a California limited liability company, Vernon Street Associates, LLC, a California limited liability company, and Rocky Ridge Center, a California limited liability company.

Order Approving Sale of Real Property
[4410 Rocklin Road]
-1-

RECEIVED
February 04, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002396081

363 of the Bankruptcy Code, and (III) Authorizing the Sale by Auction of Additional Real Property (the "Sale Motion"), seeking entry of orders approving certain sale procedures and related relief regarding twenty-four (24) separate real property assets and improvements thereon owned by the Kobra Properties Chapter 11 estate (the "Estate"). Included among the assets to be sold is real property and improvements thereon commonly known as 4410 Rocklin Road, Rocklin, California, and also known as Jack in the Box #585 (Placer County APN 045-110-048) (the "Transferred Assets"). In the Sale Motion, the Trustee requested that the relief sought in the Sale Motion be granted on a bifurcated basis, such that the Court first approve the sale procedures, including auction and bidding procedures, and determine that the Transferred Assets may be sold free and clear of certain liens, claims, and encumbrances, and that the Court schedule a post-auction final hearing (the "Sale Return Hearing") for the Court to consider all other requested relief, including approval of the sale of the Transferred Assets to the successful bidder.

On December 9, 2009, the portion of the Sale Motion regarding the Trustee's request for approval of sale procedures came before the Court. Following consideration of all filed documents and arguments made by counsel at such hearing, and for the reasons stated by the Court during the course of such hearing, the Court overruled all objections and entered its Order (I) Granting Trustee's Modified Motion for Order Approving Real Property Sale Procedures Including Sale by Auction, (II) Authorizing the Sale of Real Property Free and Clear of Certain Liens, Claims, and Encumbrances Pursuant to Section 363 of the Bankruptcy Code, and (III) Scheduling Sale Return Hearing on January 6, 2010 (the "Procedures Order"). The Procedures Order approved the sale procedures (the "Sale Procedures"), scheduled the auction (the "Auction") for January 14, 2010, at 9:30 a.m., and scheduled the Sale Return Hearing for January 14, 2010, at 2:00 p.m.

Thereafter, on January 14, 2010, after the Court called the Auction to order and presided over a review of qualified bidders and opening bids, the Trustee conducted the Auction for the sale of the Transferred Assets, consistent with the Procedures Order.

On January 14, 2010, at 2:00 p.m., the Sale Return Hearing was held following due and adequate notice. Donald W. Fitzgerald of Felderstein Fitzgerald Willoughby & Pascuzzi LLP

appeared on behalf of the Trustee and all other appearances were noted on the record.

Based upon the Sale Motion and evidence filed in support of the Sale Motion and other relevant documents filed in connection with the Sale Motion, including the record in this case and the supplemental declaration of the Successful Bidder (as defined below), and all objections to the Sale Motion having been withdrawn or overruled, and the Court having made its findings of fact and conclusions of law on the record, and for good cause shown,

IT IS HEREBY ADJUDGED AND ORDERED that:

1. The Sale Motion shall be and is hereby granted with respect to the Transferred Assets in accordance with the terms of this Order, to the extent not previously granted pursuant to the terms of the Procedures Order.

2. A&C Ventures, Inc., or its assignee, is approved as the successful bidder (the "Successful Bidder") for the Transferred Assets with the high, and only, qualified bid of $650,000.

3. The terms, conditions, and transactions contemplated by the Asset Purchase Agreement entered into between Trustee and Successful Bidder dated as of January 14, 2010 (the "APA"), which is substantially in conformance with the approved form of Asset Purchase Agreement submitted in support of the Sale Motion, are approved in all respects and the sale of the Transferred Assets pursuant to the APA is hereby authorized under the provisions of Sections 363(b), (c), (f), and (m) of the Bankruptcy Code. The term Successful Bidder as used in this Order shall include any assignee of A&C Ventures, Inc. pursuant to any assignment of the buyer's rights under, and consistent with the requirements of, the APA; _provided_, however, that if the assignee is an entity other than an affiliate of A&C Ventures, Inc. falling within the scope of the Declaration of A&C Ventures, Inc. (David R. Grieve) filed on January 28, 2010, absent further evidence paragraph 12 of this Order shall not apply to such assignee.

4. Pursuant to Section 363(b) of the Bankruptcy Code, the Trustee is authorized and empowered to fully perform under, consummate, and implement the APA and to take all actions reasonably required to fulfill his obligations under the APA, including without limitation executing all documents in connection with the sale transaction approved by this Order.

5. As previously determined in the Procedures Order, the sale of the Transferred Assets shall be free and clear of the following liens, claims, encumbrances, or other interests pursuant to Bankruptcy Code Section 363(f):

    a. Any unrecorded lien, encumbrance, and/or equitable or legal interest in the Transferred Assets asserted by any person or entity, or their respective predecessors and successors in interest, unless otherwise expressly provided for by this Order;

    b. Any recorded lien, encumbrance, and/or equitable or legal interest in the Transferred Assets not otherwise expressly provided for by this Order and asserted by any person or entity, or their respective predecessors and successors in interest, who have received notice of the Motion; and

    c. The claims or interests asserted by any person or entity, or their respective predecessors and successors in interest, against the Estate which do not constitute liens against or interests in the Transferred Assets.

6. The Trustee is authorized to and shall pay through escrow directly from the sale proceeds all amounts due or necessary to satisfy the following obligations as of the closing date under the APA, which are secured by the following liens and encumbrances:

    a. All real property taxes and assessments pro rated as of the closing date, in the approximate amount of $19,312, as shall be finally approved by the Trustee through escrow.

    b. The deed of trust on the Transferred Assets in favor of Union Bank, in the approximate amount of $530,767, as shall be finally approved by the Trustee through escrow.

7. Union Bank shall through escrow and as a condition to receipt of payment, submit for recording an appropriate reconveyance of its deed of trust and any other lien encumbering the Transferred Assets.

8. The Trustee is authorized to and shall pay through escrow directly from the sale proceeds to Richard M. Forster and Laurie A. Forster, as Trustees of the Richard M. Forster Family Trust; Daniel S. Forster and Donna J. Forster, as Trustees of the Forster Family Trust and John Forster (jointly, "the Forsters") pursuant to a court approved compromise an amount equal to twenty-five percent (25%) of the net sale proceeds, in the approximate amount of $25,105, as

Order Approving Sale of Real Property
[4410 Rocklin Road]
-4-

shall be finally approved by the Trustee through escrow. As a condition to payment, the Forsters shall execute and deliver to escrow all documents necessary to transfer and convey any and all right, title and interest they may hold in the Transferred Assets.

9. The Trustee is authorized to pay through escrow all other items, if any, payable at closing by the Trustee, as seller, including any closing costs and related fees and expenses, in accordance with the terms of the APA. All net proceeds of sale shall be paid over to the Trustee on behalf of the Estate at close of escrow.

10. The provisions of this Order regarding the sale of the Transferred Assets free and clear of liens and claims shall be self-executing, and neither the Trustee, the Successful Bidder, nor any third party shall be required to execute or file releases, termination statements, assignments, consents, or any other instruments in order to effectuate, consummate, and implement the release provisions of this Order, except as provided in the APA. Upon the closing date, any and all financing statements, judgments, liens, and mortgages filed of record, or any other documents evidencing any of the Section 363(f) interests shall automatically be discharged, terminated, and released, and of no force or effect as to the Transferred Assets.

11. The APA and any related agreements, documents, or other instruments may be modified, amended, or supplemented by the parties thereto in accordance with the terms thereof without further order of this Court, provided that any such modification, amendment, or supplement is designed to conform the APA to the Auction results or is otherwise not materially adverse to the interests of the Chapter 11 Estate.

12. The Court having concluded that the Successful Bidder is a good faith purchaser under Section 363(m) of the Bankruptcy Code, the sale of the Transferred Assets to the Successful Bidder and the purchase of the Transferred Assets by the Successful Bidder constitute a sale and purchase in good faith and for fair value within the meaning of Section 363(m) of the Bankruptcy Code and the parties to the APA and their assignees are entitled to all of the protections afforded by Section 363(m) of the Bankruptcy Code.

13. Should the Successful Bidder fail to consummate the sale because of a breach or failure to act on the part of the Successful Bidder, the good faith deposit of the Successful Bidder

shall be forfeited to the Trustee, and Trustee shall retain the right to seek any and all other remedies and damages as may be provided for in the APA.

14. The provisions of Federal Rule of Bankruptcy Procedure 6004(h) are hereby waived so that this Order shall be effective and enforceable immediately upon entry.

15. This Court shall retain jurisdiction to hear and determine all matters arising from the interpretation and implementation of this Order.

APPROVED BY:

A&C VENTURES, INC.

By: _____
Peter Wohlfeiler
General Counsel for A&C Ventures, Inc.

McDONOUGH HOLLAND & ALLEN PC

By: _____
Mary Olden
Counsel for Forster

ASSAYAG MAUSS PLC

By: _____
Michele S. Assayag
Attorneys for Union Bank

PARKINSON PHINNEY

By: _____
Thomas A. Phinney
Attorneys for the Official Committee of Unsecured Creditors

DOWNEY BRAND LLP

By: _____
R. Dale Ginter
Attorneys for Abe and Kobra Alizadeh

Dated: _____

_____
UNITED STATES BANKRUPTCY JUDGE

Order Approving Sale of Real Property
[4410 Rocklin Road]
-6-

shall be forfeited to the Trustee, and Trustee shall retain the right to seek any and all other remedies and damages as may be provided for in the APA.

14. The provisions of Federal Rule of Bankruptcy Procedure 6004(h) are hereby waived so that this Order shall be effective and enforceable immediately upon entry.

15. This Court shall retain jurisdiction to hear and determine all matters arising from the interpretation and implementation of this Order.

APPROVED BY:

| A&C VENTURES, INC. | PARKINSON PHINNEY |
|---|---|
| By: _____<br>Peter Wohlfeiler<br>General Counsel for A&C Ventures, Inc. | By: *Thomas A. Phinney*<br>Thomas A. Phinney<br>Attorneys for the Official Committee of<br>Unsecured Creditors |
| McDONOUGH HOLLAND & ALLEN PC | DOWNEY BRAND LLP |
| By: _____<br>Mary Olden<br>Counsel for Forster | By: _____<br>R. Dale Ginter<br>Attorneys for Abe and Kobra Alizadeh |
| ASSAYAG MAUSS PLC | |
| By: _____<br>Michele S. Assayag<br>Attorneys for Union Bank | |

Dated: _____

_____
UNITED STATES BANKRUPTCY JUDGE

shall be forfeited to the Trustee, and Trustee shall retain the right to seek any and all other remedies and damages as may be provided for in the APA.

14. The provisions of Federal Rule of Bankruptcy Procedure 6004(h) are hereby waived so that this Order shall be effective and enforceable immediately upon entry.

15. This Court shall retain jurisdiction to hear and determine all matters arising from the interpretation and implementation of this Order.

APPROVED BY:

A&C VENTURES, INC.

By: _____
    Peter Wohlfeiler
    General Counsel for A&C Ventures, Inc.

McDONOUGH HOLLAND & ALLEN PC

By: *Mary E. Olden*
    Mary Olden
    Counsel for Forster

ASSAYAG MAUSS PLC

By: _____
    Michele S. Assayag
    Attorneys for Union Bank

PARKINSON PHINNEY

By: _____
    Thomas A. Phinney
    Attorneys for the Official Committee of
    Unsecured Creditors

DOWNEY BRAND LLP

By: _____
    R. Dale Ginter
    Attorneys for Abe and Kobra Alizadeh

Dated: _____

_____
UNITED STATES BANKRUPTCY JUDGE

shall be forfeited to the Trustee, and Trustee shall retain the right to seek any and all other remedies and damages as may be provided for in the APA.

14. The provisions of Federal Rule of Bankruptcy Procedure 6004(h) are hereby waived so that this Order shall be effective and enforceable immediately upon entry.

15. This Court shall retain jurisdiction to hear and determine all matters arising from the interpretation and implementation of this Order.

APPROVED BY:

A&C VENTURES, INC.

By: _____
    Peter Wohlfeiler
General Counsel for A&C Ventures, Inc.

McDONOUGH HOLLAND & ALLEN PC

By: _____
    Mary Olden
Counsel for Forster

ASSAYAG MAUSS PLC

By: _____
    Michele S. Assayag
Attorneys for Union Bank

PARKINSON PHINNEY

By: _____
    Thomas A. Phinney
Attorneys for the Official Committee of Unsecured Creditors

DOWNEY BRAND LLP

By: _/s/ R. Dale Ginter_____
    R. Dale Ginter
Attorneys for Abe and Kobra Alizadeh

Dated: _____

_____
UNITED STATES BANKRUPTCY JUDGE

Order Approving Sale of Real Property
[4410 Rocklin Road]
-6-

shall be forfeited to the Trustee, and Trustee shall retain the right to seek any and all other remedies and damages as may be provided for in the APA.

14. The provisions of Federal Rule of Bankruptcy Procedure 6004(h) are hereby waived so that this Order shall be effective and enforceable immediately upon entry.

15. This Court shall retain jurisdiction to hear and determine all matters arising from the interpretation and implementation of this Order.

APPROVED BY:

| A&C VENTURES, INC. | PARKINSON PHINNEY |
|---|---|
| By: _____<br>Peter Wohlfeiler<br>General Counsel for A&C Ventures, Inc. | By: _____<br>Thomas A. Phinney<br>Attorneys for the Official Committee of Unsecured Creditors |
| McDONOUGH HOLLAND & ALLEN PC | DOWNEY BRAND LLP |
| By: _____<br>Mary Olden<br>Counsel for Forster | By: _____<br>R. Dale Ginter<br>Attorneys for Abe and Kobra Alizadeh |

ASSAYAG MAUSS PLC

By: /s/ Michele S. Assayag
Michele S. Assayag
Attorneys for Union Bank

Dated: February 09, 2010

_____
United States Bankruptcy Judge

Order Approving Sale of Real Property
[4410 Rocklin Road]
-6-