DONALD W. FITZGERALD, State Bar No. 095348
JASON E. RIOS, State Bar No. 190086
JOAN S. HUH, State Bar No. 225724
FELDERSTEIN FITZGERALD
WILLOUGHBY & PASCUZZI LLP
400 Capitol Mall, Suite 1450
Sacramento, CA 95814
Telephone: (916) 329-7400
Facsimile: (916) 329-7435
dfitzgerald@ffwplaw.com
jrios@ffwplaw.com
jhuh@ffwplaw.com

Attorneys for the Chapter 11 Trustee, Steven L. Victor

FILED
FEB 1 1 2010
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

In re:

KOBRA PROPERTIES, a California general partnership et al.,[1]

Debtors.

CASE NO.: 08-37271-C-11

Chapter 11

Jointly Administered

DCN: FWP-23

Date: January 14, 2010
Time: 2:00 p.m.
Judge: Honorable Christopher Klein
Courtroom: 35, Department C

**ORDER AUTHORIZING AND APPROVING (1) SALE OF PROPERTY AT FOOTHILLS BOULEVARD AND JUNCTION BOULEVARD, ROSEVILLE, CALIFORNIA FREE AND CLEAR OF CERTAIN LIENS, CLAIMS, AND ENCUMBRANCES, (2) PAYMENT OF UNDISPUTED OR COMPROMISED LIENS AND (3) RELATED RELIEF**

**[PROPERTY NUMBER A-6]**

On October 20, 2009, Steven L. Victor, as Trustee (the "Trustee") of the Chapter 11 estate of Kobra Properties, a California general partnership ("Debtor"), filed the Chapter 11 Trustee's Motion for the Entry of Orders (I) Approving Sale Procedures with Respect to the Sale of Real Property and Overbid Procedures, Including Break-Up Fee Relating Thereto, (II) Authorizing the

---

[1] The Debtors in these jointly administered bankruptcy cases are: Kobra Properties, a California general partnership, Kobra Preserve, LLC, a California limited liability company, Vernon Street Associates, LLC, a California limited liability company, and Rocky Ridge Center, a California limited liability company.

Order Approving Sale of Real Property
[Foothills Blvd./Junction Blvd.]

-1-

Sale of Real Property Free and Clear of All Liens, Claims, and Encumbrances Pursuant to Section 363 of the Bankruptcy Code, and (III) Authorizing the Sale by Auction of Additional Real Property (the "Sale Motion"), seeking entry of orders approving certain sale procedures and related relief regarding twenty-four (24) separate real property assets and improvements thereon owned by the Kobra Properties Chapter 11 estate (the "Estate"). Included among the assets to be sold is real property and improvements thereon commonly known as Foothills Boulevard and Junction Boulevard, Roseville, California, Placer County APN 476-190-005 (the "Transferred Assets"). In the Sale Motion, the Trustee requested that the relief sought in the Sale Motion be granted on a bifurcated basis, such that the Court first approve the sale procedures, including auction and bidding procedures, and determine that the Transferred Assets may be sold free and clear of certain liens, claims, and encumbrances, and that the Court schedule a post-auction final hearing (the "Sale Return Hearing") for the Court to consider all other requested relief, including approval of the sale of the Transferred Assets to the successful bidder.

On December 9, 2009, the portion of the Sale Motion regarding the Trustee's request for approval of sale procedures came before the Court. Following consideration of all filed documents and arguments made by counsel at such hearing, and for the reasons stated by the Court during the course of such hearing, the Court overruled all objections and entered its Order (I) Granting Trustee's Modified Motion for Order Approving Real Property Sale Procedures Including Sale by Auction, (II) Authorizing the Sale of Real Property Free and Clear of Certain Liens, Claims, and Encumbrances Pursuant to Section 363 of the Bankruptcy Code, and (III) Scheduling Sale Return Hearing on January 6, 2010 (the "Procedures Order"). The Procedures Order approved the sale procedures (the "Sale Procedures"), scheduled the auction (the "Auction") for January 14, 2010, at 9:30 a.m., and scheduled the Sale Return Hearing for January 14, 2010, at 2:00 p.m.

Thereafter, on January 14, 2010, after the Court called the Auction to order and presided over a review of qualified bidders and opening bids, the Trustee conducted the Auction for the sale of the Transferred Assets, consistent with the Procedures Order.

///

On January 14, 2010, at 2:00 p.m., the Sale Return Hearing was held following due and adequate notice. Donald W. Fitzgerald of Felderstein Fitzgerald Willoughby & Pascuzzi LLP appeared on behalf of the Trustee and all other appearances were noted on the record.

Based upon the Sale Motion and evidence filed in support of the Sale Motion and other relevant documents filed in connection with the Sale Motion, including the record in this case and the supplemental declaration of the Successful Bidder (as defined below), and all objections to the Sale Motion having been withdrawn or overruled, and the Court having made its findings of fact and conclusions of law on the record, and for good cause shown,

IT IS HEREBY ADJUDGED AND ORDERED that:

1. The Sale Motion shall be and is hereby granted with respect to the Transferred Assets in accordance with the terms of this Order, to the extent not previously granted pursuant to the terms of the Procedures Order.

2. Devinder Sahota is approved as the successful bidder (the "Successful Bidder") for the Transferred Assets with the high qualified bid of $325,000.

3. The terms, conditions, and transactions contemplated by the Asset Purchase Agreement entered into between Trustee and Successful Bidder dated as of January 14, 2010 (the "APA"), which is substantially in conformance with the approved form of Asset Purchase Agreement submitted in support of the Sale Motion, are approved in all respects and the sale of the Transferred Assets pursuant to the APA is hereby authorized under the provisions of Sections 363(b), (c), (f), and (m) of the Bankruptcy Code.

4. Pursuant to Section 363(b) of the Bankruptcy Code, the Trustee is authorized and empowered to fully perform under, consummate, and implement the APA and to take all actions reasonably required to fulfill his obligations under the APA, including without limitation executing all documents in connection with the sale transaction approved by this Order.

5. As previously determined in the Procedures Order, the sale of the Transferred Assets shall be free and clear of the following liens, claims, encumbrances, or other interests pursuant to Bankruptcy Code Section 363(f):

///

a. Any unrecorded lien, encumbrance, and/or equitable or legal interest in the Transferred Assets asserted by any person or entity, or their respective predecessors and successors in interest, unless otherwise expressly provided for by this Order;

b. Any recorded lien, encumbrance, and/or equitable or legal interest in the Transferred Assets not otherwise expressly provided for by this Order and asserted by any person or entity, or their respective predecessors and successors in interest, who have received notice of the Motion; and

c. The claims or interests asserted by any person or entity, or their respective predecessors and successors in interest, against the Estate which do not constitute liens against or interests in the Transferred Assets.

6. The Trustee is authorized and directed to pay through escrow directly from the sale proceeds all amounts due or necessary to satisfy the following obligations as of the closing date under the APA, which are secured by the following liens and encumbrances:

a. All real property taxes and assessments pro rated as of the closing date, in the approximate amount of $41,510, as shall be finally approved by the Trustee through escrow.

b. The deed of trust on the Transferred Assets in favor of Mechanics Bank, in the compromised amount of $189,885.72 through and including January 12, 2010, plus accrued interest at the rate of $40.85 per day from and after January 13, 2010 until the closing of the sale, as shall be finally approved by the Trustee through escrow.

7. Mechanics Bank shall, through escrow and as a condition to receipt of payment, submit for recording an appropriate reconveyance of its deed of trust and release of any other liens encumbering the Transferred Assets.

8. The Trustee is authorized to pay through escrow all other items, if any, payable at closing by the Trustee, as seller, including any closing costs and related fees and expenses, in accordance with the terms of the APA. All net proceeds of sale shall be paid over to the Trustee on behalf of the Estate at close of escrow.

9. The provisions of this Order regarding the sale of the Transferred Assets free and clear of liens and claims shall be self-executing, and neither the Trustee, the Successful Bidder,

nor any third party shall be required to execute or file releases, termination statements, assignments, consents, or any other instruments in order to effectuate, consummate, and implement the release provisions of this Order, except as provided in the APA. Upon the closing date, any and all financing statements, judgments, liens, and mortgages filed of record, or any other documents evidencing any of the Section 363(f) interests shall automatically be discharged, terminated, and released, and of no force or effect as to the Transferred Assets.

10. The APA and any related agreements, documents, or other instruments may be modified, amended, or supplemented by the parties thereto in accordance with the terms thereof without further order of this Court, provided that any such modification, amendment, or supplement is designed to conform the APA to the Auction results or is otherwise not materially adverse to the interests of the Chapter 11 Estate.

11. The Court having concluded that the Successful Bidder is a good faith purchaser under Section 363(m) of the Bankruptcy Code, the sale of the Transferred Assets to the Successful Bidder and the purchase of the Transferred Assets by the Successful Bidder constitute a sale and purchase in good faith and for fair value within the meaning of Section 363(m) of the Bankruptcy Code and the parties to the APA and their assignees are entitled to all of the protections afforded by Section 363(m) of the Bankruptcy Code.

12. Family Real Property Limited Partnership is approved as the back-up bidder (the "Back-Up Bidder") with a qualifying bid for the Transferred Assets in the amount of $315,000. If the Successful Bidder fails to consummate the sale according to the terms of the APA and this Order on or before the outside closing date of February 17, 2010, or such later date as may be approved either by the parties to the APA and the Back-Up Bidder, or by court order, the Trustee is authorized to consummate the sale to the Back-Up Bidder consistent with the Sale Procedures without further order of this Court. Such sale to the Back-Up Bidder shall be pursuant to the terms and conditions of the Asset Purchase Agreement for the Transferred Assets executed by the Back-Up Bidder, and otherwise on the same terms and conditions as set forth in this Order

13. Should the Successful Bidder fail to consummate the sale because of a breach or failure to act on the part of the Successful Bidder, the good faith deposit of the Successful Bidder

shall be forfeited to the Trustee, and Trustee shall retain the right to seek any and all other remedies and damages as may be provided for in the APA.

14. The provisions of Federal Rule of Bankruptcy Procedure 6004(h) are hereby waived so that this Order shall be effective and enforceable immediately upon entry.

15. This Court shall retain jurisdiction to hear and determine all matters arising from the interpretation and implementation of this Order.

APPROVED BY:

PARKINSON PHINNEY

By:_____
Thomas A. Phinney
Attorneys for the Official Committee of
Unsecured Creditors

JEFFER, MANGELS, BUTLER & MARMARO, LLP

DOWNEY BRAND LLP

By:_____
Brian A. Bobb
Counsel for Mechanics Bank

By:_____
R. Dale Ginter
Attorneys for Abe and Kobra Alizadeh

Dated: FEB 1 1 2010

_____
UNITED STATES BANKRUPTCY JUDGE

shall be forfeited to the Trustee, and Trustee shall retain the right to seek any and all other remedies and damages as may be provided for in the APA.

14. The provisions of Federal Rule of Bankruptcy Procedure 6004(h) are hereby waived so that this Order shall be effective and enforceable immediately upon entry.

15. This Court shall retain jurisdiction to hear and determine all matters arising from the interpretation and implementation of this Order.

APPROVED BY:

PARKINSON PHINNEY

By: /s/ Thomas R Phinney
Thomas A. Phinney
Attorneys for the Official Committee of
Unsecured Creditors

JEFFER, MANGELS, BUTLER & MARMARO, LLP

DOWNEY BRAND LLP

By: _____
Brian A. Bobb
Counsel for Mechanics Bank

By: _____
R. Dale Ginter
Attorneys for Abe and Kobra Alizadeh

Dated: _____

_____
UNITED STATES BANKRUPTCY JUDGE

Order Approving Sale of Real Property
[Foothills Blvd./Junction Blvd.]

-6-

shall be forfeited to the Trustee, and Trustee shall retain the right to seek any and all other remedies and damages as may be provided for in the APA.

14. The provisions of Federal Rule of Bankruptcy Procedure 6004(h) are hereby waived so that this Order shall be effective and enforceable immediately upon entry.

15. This Court shall retain jurisdiction to hear and determine all matters arising from the interpretation and implementation of this Order.

APPROVED BY:

PARKINSON PHINNEY

By:_____
    Thomas A. Phinney
Attorneys for the Official Committee of
Unsecured Creditors

JEFFER, MANGELS, BUTLER & MARMARO, LLP

DOWNEY BRAND LLP

By: _____
    Brian A. Bobb
Counsel for Mechanics Bank

By: /s/ R. Dale Ginter
    R. Dale Ginter
Attorneys for Abe and Kobra Alizadeh

Dated: _____

_____
UNITED STATES BANKRUPTCY JUDGE