2008-37271
FILED
February 14, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

0002412845

DONALD W. FITZGERALD, State Bar No. 095348
JASON E. RIOS, State Bar No. 190086
JOAN S. HUH, State Bar No. 225724
FELDERSTEIN FITZGERALD
WILLOUGHBY & PASCUZZI LLP
400 Capitol Mall, Suite 1450
Sacramento, CA 95814
Telephone: (916) 329-7400
Facsimile: (916) 329-7435
dfitzgerald@ffwplaw.com
jrios@ffwplaw.com
jhuh@ffwplaw.com

Attorneys for the Chapter 11 Trustee, Steven L. Victor

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>KOBRA PROPERTIES, a California general partnership et al.,[1]<br><br>Debtors. | CASE NO.: 08-37271-C-11<br><br>Chapter 11<br><br>Jointly Administered<br><br>DCN: FWP-23<br><br>Date: January 14, 2010<br>Time: 2:00 p.m.<br>Judge: Honorable Christopher Klein<br>Courtroom: 35, Department C |

**ORDER AUTHORIZING AND APPROVING (1) SALE OF PROPERTY AT 1075 SOUTH MAIN STREET, RED BLUFF, CALIFORNIA FREE AND CLEAR OF CERTAIN LIENS, CLAIMS, AND ENCUMBRANCES, (2) PAYMENT OF UNDISPUTED OR COMPROMISED LIENS AND (3) RELATED RELIEF**

**[PROPERTY NUMBER A-8]**

On October 20, 2009, Steven L. Victor, as Trustee (the "Trustee") of the Chapter 11 estate of Kobra Properties, a California general partnership ("Debtor"), filed the Chapter 11 Trustee's Motion for the Entry of Orders (I) Approving Sale Procedures with Respect to the Sale of Real Property and Overbid Procedures, Including Break-Up Fee Relating Thereto, (II) Authorizing the

---

[1] The Debtors in these jointly administered bankruptcy cases are: Kobra Properties, a California general partnership, Kobra Preserve, LLC, a California limited liability company, Vernon Street Associates, LLC, a California limited liability company, and Rocky Ridge Center, a California limited liability company.

RECEIVED
February 11, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002412845

Sale of Real Property Free and Clear of All Liens, Claims, and Encumbrances Pursuant to Section 363 of the Bankruptcy Code, and (III) Authorizing the Sale by Auction of Additional Real Property (the "Sale Motion"), seeking entry of orders approving certain sale procedures and related relief regarding twenty-four (24) separate real property assets and improvements thereon owned by the Kobra Properties Chapter 11 estate (the "Estate").  Included among the assets to be sold is real property and improvements thereon commonly known as 1075 South Main Street, Red Bluff, California, and also known as Jack in the Box #3403 (Tehama County APN 033-180-68) (the "Transferred Assets").  In the Sale Motion, the Trustee requested that the relief sought in the Sale Motion be granted on a bifurcated basis, such that the Court first approve the sale procedures, including auction and bidding procedures, and determine that the Transferred Assets may be sold free and clear of certain liens, claims, and encumbrances, and that the Court schedule a post-auction final hearing (the "Sale Return Hearing") for the Court to consider all other requested relief, including approval of the sale of the Transferred Assets to the successful bidder.

On December 9, 2009, the portion of the Sale Motion regarding the Trustee's request for approval of sale procedures came before the Court.  Following consideration of all filed documents and arguments made by counsel at such hearing, and for the reasons stated by the Court during the course of such hearing, the Court overruled all objections and entered its Order (I) Granting Trustee's Modified Motion for Order Approving Real Property Sale Procedures Including Sale by Auction, (II) Authorizing the Sale of Real Property Free and Clear of Certain Liens, Claims, and Encumbrances Pursuant to Section 363 of the Bankruptcy Code, and (III) Scheduling Sale Return Hearing on January 6, 2010 (the "Procedures Order").  The Procedures Order approved the sale procedures (the "Sale Procedures"), scheduled the auction (the "Auction") for January 14, 2010, at 9:30 a.m., and scheduled the Sale Return Hearing for January 14, 2010, at 2:00 p.m.

Thereafter, on January 14, 2010, after the Court called the Auction to order and presided over a review of qualified bidders and opening bids, the Trustee conducted the Auction for the sale of the Transferred Assets, consistent with the Procedures Order.

///

On January 14, 2010, at 2:00 p.m., the Sale Return Hearing was held following due and adequate notice. Donald W. Fitzgerald of Felderstein Fitzgerald Willoughby & Pascuzzi LLP appeared on behalf of the Trustee and all other appearances were noted on the record.

Based upon the Sale Motion and evidence filed in support of the Sale Motion and other relevant documents filed in connection with the Sale Motion, including the record in this case and the supplemental declaration of the Successful Bidder (as defined below), and all objections to the Sale Motion having been withdrawn or overruled, and the Court having made its findings of fact and conclusions of law on the record, and for good cause shown,

IT IS HEREBY ADJUDGED AND ORDERED that:

1. The Sale Motion shall be and is hereby granted with respect to the Transferred Assets in accordance with the terms of this Order, to the extent not previously granted pursuant to the terms of the Procedures Order.

2. Jack in the Box Inc. is approved as the successful bidder (the "Successful Bidder") for the Transferred Assets with the high qualified bid of $1,420,000.

3. The terms, conditions, and transactions contemplated by the Asset Purchase Agreement entered into between Trustee and Successful Bidder dated as of January 14, 2010 (the "APA"), which is substantially in conformance with the approved form of Asset Purchase Agreement submitted in support of the Sale Motion, are approved in all respects and the sale of the Transferred Assets pursuant to the APA is hereby authorized under the provisions of Sections 363(b), (c), (f), and (m) of the Bankruptcy Code.

4. Pursuant to Section 363(b) of the Bankruptcy Code, the Trustee is authorized and empowered to fully perform under, consummate, and implement the APA and to take all actions reasonably required to fulfill his obligations under the APA, including without limitation executing all documents in connection with the sale transaction approved by this Order.

5. As previously determined in the Procedures Order, the sale of the Transferred Assets shall be free and clear of the following liens, claims, encumbrances, or other interests pursuant to Bankruptcy Code Section 363(f):

///

a. Any unrecorded lien, encumbrance, and/or equitable or legal interest in the Transferred Assets asserted by any person or entity, or their respective predecessors and successors in interest, unless otherwise expressly provided for by this Order;

b. Any recorded lien, encumbrance, and/or equitable or legal interest in the Transferred Assets not otherwise expressly provided for by this Order and asserted by any person or entity, or their respective predecessors and successors in interest, who have received notice of the Motion; and

c. The claims or interests asserted by any person or entity, or their respective predecessors and successors in interest, against the Estate which do not constitute liens against or interests in the Transferred Assets.

6. The Trustee is authorized and directed to pay through escrow directly from the sale proceeds all amounts due or necessary to satisfy the following obligations as of the closing date under the APA, which are secured by the following liens and encumbrances:

a. All real property taxes and assessments pro rated as of the closing date, in the approximate amount of $15,288, as shall be finally approved by the Trustee through escrow.

b. The deed of trust on the Transferred Assets in favor of Bank of New York, in the approximate, compromised amount of $260,879.25, as shall be finally approved by the Trustee through escrow.

c. The deed of trust on the Transferred Assets in favor of Newcastle Powerhouse LLC in the compromised, agreed to fixed amount of $309,158.

7. Bank of New York shall through escrow and as a condition to receipt of payment, submit for recording an appropriate reconveyance of its deed of trust encumbering, and a release of any other liens encumbering, the Transferred Assets.

8. Newcastle Powerhouse LLC shall through escrow and as a condition to receipt of payment, submit for recording (a) an appropriate reconveyance of its deed of trust encumbering the Transferred Assets and (b) an appropriate reconveyance of its deed of trust encumbering property commonly known as 3040 Sunrise Blvd., Rancho Cordova, California (Sacramento County APN 072-0260-043). The payment to Newcastle Powerhouse LLC through escrow is in

satisfaction of all claims of Newcastle Powerhouse LLC against the estate and of all claims of the estate against Newcastle Powerhouse LLC arising out of the loan, and the modifications thereto, which is the subject of Proof of Claim No. 66.

9. The Trustee is authorized to and shall pay through escrow directly from the sale proceeds to Richard M. Forster and Laurie A. Forster, as Trustees of the Richard M. Forster Family Trust; Daniel S. Forster and Donna J. Forster, as Trustees of the Forster Family Trust and John Forster (jointly, "the Forsters") pursuant to a court approved compromise an amount equal to twenty percent (20%) of the net sale proceeds, in the approximate amount of $167,209, as shall be finally approved by the Trustee through escrow. As a condition to payment, the Forsters shall execute and deliver to escrow all documents necessary to transfer and convey any and all right, title, and interest they may hold in the Transferred Assets.

10. The Trustee is authorized to pay through escrow all other items, if any, payable at closing by the Trustee, as seller, including any closing costs and related fees and expenses, in accordance with the terms of the APA. All net proceeds of sale shall be paid over to the Trustee on behalf of the Estate at close of escrow.

11. Except as otherwise set forth in this Order, the provisions of this Order regarding the sale of the Transferred Assets free and clear of liens and claims shall be self-executing, and neither the Trustee, the Successful Bidder, nor any third party shall be required to execute or file releases, termination statements, assignments, consents, or any other instruments in order to effectuate, consummate, and implement the release provisions of this Order, except as provided in the APA. Upon the closing date, any and all financing statements, judgments, liens, and mortgages filed of record, or any other documents evidencing any of the Section 363(f) interests shall automatically be discharged, terminated, and released, and of no force or effect as to the Transferred Assets.

12. The APA and any related agreements, documents, or other instruments may be modified, amended, or supplemented by the parties thereto in accordance with the terms thereof without further order of this Court, provided that any such modification, amendment, or

///

supplement is designed to conform the APA to the Auction results or is otherwise not materially adverse to the interests of the Chapter 11 Estate.

13. The Court having concluded that the Successful Bidder is a good faith purchaser under Section 363(m) of the Bankruptcy Code, the sale of the Transferred Assets to the Successful Bidder and the purchase of the Transferred Assets by the Successful Bidder constitute a sale and purchase in good faith and for fair value within the meaning of Section 363(m) of the Bankruptcy Code and the parties to the APA are entitled to all of the protections afforded by Section 363(m) of the Bankruptcy Code.

14. The Midtown Niki Group LP is approved as the back-up bidder (the "Back-Up Bidder") with a qualifying bid for the Transferred Assets in the amount of $1,410,000. The bid of the Back-Up Bidder shall be irrevocable until the earlier of 24-hours after the closing of the sale to the Successful Bidder or the day after the outside closing date of February 17, 2010, as provided for in the APA and this Order. If the Successful Bidder fails to consummate the sale according to the terms of the APA and this Order on or before the outside closing date of February 17, 2010, or such later date as may be approved either by the parties to the APA and the Back-Up Bidder, or by court order, the Trustee is authorized to consummate the sale to the Back-Up Bidder consistent with the Sale Procedures without further order of this Court. Such sale to the Back-Up Bidder shall be pursuant to the terms and conditions of the Asset Purchase Agreement for the Transferred Assets executed by the Back-Up Bidder, and otherwise on the same terms and conditions as set forth in this Order, including, but not limited to, the determination that the Back-Up Bidder is also an entity that proposes to purchase the Transferred Assets in good faith pursuant to Section 363(m) of the Bankruptcy Code, and is entitled to all the protections of that provision. The term Back-Up Bidder as used in this Order shall include any assignee of The Midtown Niki Group LP pursuant to any assignment of the buyer's rights under, and consistent with the requirements of, the APA; provided, however, that if the assignee is an entity other than an affiliate of The Midtown Niki Group LP falling within the scope of the Declaration of The Midtown Niki Group LP (David Trakman) filed on January 28, 2010, absent further evidence paragraph 13 of this Order shall not apply to such assignee.

1       15.     Should the Successful Bidder fail to consummate the sale because of a breach or

2  failure to act on the part of the Successful Bidder, the good faith deposit of the Successful Bidder

3  shall be forfeited to the Trustee, and Trustee shall retain the right to seek any and all other

4  remedies and damages as may be provided for in the APA.

5       16.     The provisions of Federal Rule of Bankruptcy Procedure 6004(h) are hereby

6  waived so that this Order shall be effective and enforceable immediately upon entry.

7       17.     This Court shall retain jurisdiction to hear and determine all matters arising from

8  the interpretation and implementation of this Order.

9  APPROVED AND AGREED TO BY:

10  PYLE SIMS DUNCAN & STEVENSON     PARKINSON PHINNEY

11

12  By:_____   By:_____
           Peter L. Duncan                    Thomas A. Phinney
      Counsel for Jack in the Box Inc.        Attorneys for the Official Committee of

13                                             Unsecured Creditors

14  FRIEDMAN STROFFE & GERARD, P.C.   DOWNEY BRAND LLP

15

16  By:_____   By:_____
           Lydia J. Lake                     R. Dale Ginter
      Counsel for Bank of New York         Attorneys for Abe and Kobra Alizadeh

17

18  MCDONOUGH HOLLAND & ALLEN PC   FRANK LAW GROUP

19  By:_____   By:_____
           Mary E. Olden                   David E. Frank

20  Counsel for the Forsters              Counsel for Newcastle Powerhouse LLC

21

22

23

24

25

26  Dated: _____

27                              _____
                               UNITED STATES BANKRUPTCY JUDGE

28

1  15.    Should the Successful Bidder fail to consummate the sale because of a breach or

2  failure to act on the part of the Successful Bidder, the good faith deposit of the Successful Bidder

3  shall be forfeited to the Trustee, and Trustee shall retain the right to seek any and all other

4  remedies and damages as may be provided for in the APA.

5  16.    The provisions of Federal Rule of Bankruptcy Procedure 6004(h) are hereby

6  waived so that this Order shall be effective and enforceable immediately upon entry.

7  17.    This Court shall retain jurisdiction to hear and determine all matters arising from

8  the interpretation and implementation of this Order.

9  APPROVED AND AGREED TO BY:

10  PYLE SIMS DUNCAN & STEVENSON

11

12  By:_____
      Peter L. Duncan
13  Counsel for Jack in the Box  Inc.

14  FRIEDMAN STROFFE & GERARD, P.C.

15

16  By:_____
      Lydia J. Lake
17  Counsel for Bank of New York

18  MCDONOUGH HOLLAND & ALLEN PC

19

20  By:_____
      Mary E. Olden
    Counsel for the Forsters

21

22

23

24

25

26  Dated:  _____

27

28


PARKINSON PHINNEY                    *TKB*

By: *Thomas R. Phinney*
      Thomas A. Phinney
Attorneys for the Official Committee of
Unsecured Creditors

DOWNEY BRAND LLP

By:_____
      R. Dale Ginter
Attorneys for Abe and Kobra Alizadeh

FRANK LAW GROUP

By:_____
      David E. Frank
Counsel for Newcastle Powerhouse LLC


_____
UNITED STATES BANKRUPTCY JUDGE

15. Should the Successful Bidder fail to consummate the sale because of a breach or failure to act on the part of the Successful Bidder, the good faith deposit of the Successful Bidder shall be forfeited to the Trustee, and Trustee shall retain the right to seek any and all other remedies and damages as may be provided for in the APA.

16. The provisions of Federal Rule of Bankruptcy Procedure 6004(h) are hereby waived so that this Order shall be effective and enforceable immediately upon entry.

17. This Court shall retain jurisdiction to hear and determine all matters arising from the interpretation and implementation of this Order.

APPROVED AND AGREED TO BY:

PYLE SIMS DUNCAN & STEVENSON                 PARKINSON PHINNEY

By:_____                 By:_____
    Peter L. Duncan                              Thomas A. Phinney
    Counsel for Jack in the Box Inc.             Attorneys for the Official Committee of
                                                 Unsecured Creditors

FRIEDMAN STROFFE & GERARD, P.C.              DOWNEY BRAND LLP

By:_____                 By:_____
    Lydia J. Lake                                R. Dale Ginter
    Counsel for Bank of New York                 Attorneys for Abe and Kobra Alizadeh

MCDONOUGH HOLLAND & ALLEN PC                 FRANK LAW GROUP

By:_____                 By:_____
    Mary E. Olden                                David E. Frank
    Counsel for the Forsters                     Counsel for Newcastle Powerhouse LLC

Dated: _____

                                             _____
                                             UNITED STATES BANKRUPTCY JUDGE

15. Should the Successful Bidder fail to consummate the sale because of a breach or failure to act on the part of the Successful Bidder, the good faith deposit of the Successful Bidder shall be forfeited to the Trustee, and Trustee shall retain the right to seek any and all other remedies and damages as may be provided for in the APA.

16. The provisions of Federal Rule of Bankruptcy Procedure 6004(h) are hereby waived so that this Order shall be effective and enforceable immediately upon entry.

17. This Court shall retain jurisdiction to hear and determine all matters arising from the interpretation and implementation of this Order.

APPROVED AND AGREED TO BY:

PYLE SIMS DUNCAN & STEVENSON

By:_____
　　　　Peter L. Duncan
Counsel for Jack in the Box Inc.

PARKINSON PHINNEY

By:_____
　　　　Thomas A. Phinney
Attorneys for the Official Committee of
Unsecured Creditors

FRIEDMAN STROFFE & GERARD, P.C.

By:_____
　　　　Lydia J. Lake
Counsel for Bank of New York

DOWNEY BRAND LLP

By:_____
　　　　R. Dale Ginter
Attorneys for Abe and Kobra Alizadeh

MCDONOUGH HOLLAND & ALLEN PC

By:_____
　　　　Mary E. Olden
Counsel for the Forsters

FRANK LAW GROUP

By:_____
　　　　David E. Frank
Counsel for Newcastle Powerhouse LLC

Dated: _____

_____
UNITED STATES BANKRUPTCY JUDGE

15. Should the Successful Bidder fail to consummate the sale because of a breach or failure to act on the part of the Successful Bidder, the good faith deposit of the Successful Bidder shall be forfeited to the Trustee, and Trustee shall retain the right to seek any and all other remedies and damages as may be provided for in the APA.

16. The provisions of Federal Rule of Bankruptcy Procedure 6004(h) are hereby waived so that this Order shall be effective and enforceable immediately upon entry.

17. This Court shall retain jurisdiction to hear and determine all matters arising from the interpretation and implementation of this Order.

APPROVED AND AGREED TO BY:

PYLE SIMS DUNCAN & STEVENSON                PARKINSON PHINNEY

By:_____                 By:_____
    Peter L. Duncan                              Thomas A. Phinney
Counsel for Jack in the Box  Inc.            Attorneys for the Official Committee of
                                             Unsecured Creditors

FRIEDMAN STROFFE & GERARD, P.C.             DOWNEY BRAND LLP

By:_____                 By:_____
    Lydia J. Lake                                R. Dale Ginter
Counsel for Bank of New York                 Attorneys for Abe and Kobra Alizadeh

MCDONOUGH HOLLAND & ALLEN PC                FRANK LAW GROUP

By: *Mary E. Olden*                          By:_____
    Mary E. Olden                                David E. Frank
Counsel for the Forsters                     Counsel for Newcastle Powerhouse LLC

Dated:_____

_____
UNITED STATES BANKRUPTCY JUDGE

1    15.    Should the Successful Bidder fail to consummate the sale because of a breach or

2    failure to act on the part of the Successful Bidder, the good faith deposit of the Successful Bidder

3    shall be forfeited to the Trustee, and Trustee shall retain the right to seek any and all other

4    remedies and damages as may be provided for in the APA.

5    16.    The provisions of Federal Rule of Bankruptcy Procedure 6004(h) are hereby

6    waived so that this Order shall be effective and enforceable immediately upon entry.

7    17.    This Court shall retain jurisdiction to hear and determine all matters arising from

8    the interpretation and implementation of this Order.

9    APPROVED AND AGREED TO BY:

10   PYLE SIMS DUNCAN & STEVENSON          PARKINSON PHINNEY

11

12   By:_____       By:_____
           Peter L. Duncan                            Thomas A. Phinney
13   Counsel for Jack in the Box  Inc.        Attorneys for the Official Committee of
                                             Unsecured Creditors

14   FRIEDMAN STROFFE & GERARD, P.C.        DOWNEY BRAND LLP

15

16   By:_____       By:_____
           Lydia J. Lake                              R. Dale Ginter
17   Counsel for Bank of New York            Attorneys for Abe and Kobra Alizadeh

18   MCDONOUGH HOLLAND & ALLEN PC           FRANK LAW GROUP

19   By:_____       By:_____
           Mary E. Olden                              David E. Frank
20   Counsel for the Forsters                Counsel for Newcastle Powerhouse LLC

21

22

23

24   Dated: February 14, 2010

25

26

27                                          _____
                                            United States Bankruptcy Judge
28

Order Approving Sale of Real Property
[1075 South Main Street]