DONALD W. FITZGERALD, State Bar No. 095348
JASON E. RIOS, State Bar No. 190086
FELDERSTEIN FITZGERALD
WILLOUGHBY & PASCUZZI LLP
400 Capitol Mall, Suite 1450
Sacramento, CA 95814
Telephone: (916) 329-7400
Facsimile: (916) 329-7435
dfitzgerald@ffwplaw.com
jrios@ffwplaw.com

Attorneys for the Chapter 11 Trustee, Steven L. Victor

FILED
April 07, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002542834

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>KOBRA PROPERTIES, a California general partnership et al.,[1]<br><br>Debtors. | CASE NO.: 08-37271-C-11<br><br>Chapter 11<br><br>Jointly Administered<br><br>DCN: FWP-49<br><br>Date: April 14, 2010<br>Time: 1:30 p.m.<br>Judge: Honorable Christopher Klein<br>Courtroom: 35, Department C |

**CHAPTER 11 TRUSTEE'S MOTION FOR AUTHORITY TO REJECT LEASES OF NONRESIDENTIAL REAL PROPERTY
[VERIFONE, INC. AND OVER INFLATED LLC]**

Steven L. Victor, the duly appointed and acting chapter 11 trustee (the "Trustee") of debtor Kobra Properties, a California general partnership ("Kobra Properties" or "Debtor"), and the jointly administered debtors, hereby requests an order approving the rejection of two leases of nonresidential real property, one with VeriFone, Inc. for premises at 1400 West Stanford Ranch Road, Rocklin, California and the other with Over Inflated LLC for premises located at 9715 Kincaid Drive, Suite 800, Fishers, Indiana. The court is referred to its file and to the Declaration of Steven L. Victor filed in support of the Motion ("Victor Declaration").

---

[1] The "Debtors" are Kobra Properties, a California general partnership, Kobra Preserve, LLC, a California limited liability company, Vernon Street Associates, LLC, a California limited liability company, and Rocky Ridge Center, a California limited liability company.

## JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this District and this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory basis for the relief requested in this Motion include § 365(a) of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 6006 and 6007.

## BACKGROUND

2. The Debtor, Kobra Preserve, LLC, and Vernon Street Associates, LLC, filed their chapter 11 petitions on November 25, 2008. A different Kobra Properties subsidiary, Rocky Ridge, LLC, filed its chapter 11 petition on December 9, 2008. On December 3, 2008, the Court entered its order approving joint administration of the Debtor's case with the cases of affiliated entities Kobra Preserve, LLC and Vernon Street Associates, LLC under the Kobra Properties Case No. 08-37271-C-11. On January 15, 2009, the Court entered an order approving joint administration of the Debtor's case, and the affiliated cases, with the affiliated entity Rocky Ridge Center, LLC under the Kobra Properties Case No. 08-37271-C-11.

3. On April 2, 2009, the Court appointed the Trustee as the Chapter 11 Trustee herein. On April 3, 2009, the Court entered an amended order clarifying that the Trustee's appointment was in the Kobra Properties case and all of the jointly administered cases.

4. Kobra Properties' schedules identified 79 real property assets owned by Kobra Properties as of the Petition Date. The Debtors' businesses consisted primarily of real estate development and real estate management.

## STANFORD RANCH CORPORATE CENTER

5. One of the properties owned by Kobra Properties at the time the Chapter 11 petition was filed is located at 1400 West Stanford Ranch Road, Rocklin, California, (the "Stanford Ranch Corporate Center").

6. On December 8, 2009 the Trustee and Wells Fargo Bank filed a Joint Motion for Court Approval of a Stipulation re (A) Relief from the Automatic Stay, (B) Use of Cash collateral, (C) Abandonment, (D) Allowance of Administrative Claim and Related Relief (Docket

No. 1887). On January 6, 2010, this Court entered its Amended Order Approving Stipulation re (A) Relief from the Automatic Stay, (B) Use of Cash Collateral, (C) Abandonment, (D) Allowance of Administrative Claim and (E) Related Relief [Docket No.2030](the "Abandonment Order"). The Abandonment Order authorized the Trustee to abandon the Stanford Ranch Corporate Center. The Abandonment Order stated that the Stanford Ranch Corporate Center would be deemed abandoned upon the filing and service by the Trustee of a Notice of Abandonment setting forth a description of the properties being abandoned. The Trustee filed and served on February 26, 2010, a Notice of Abandonment naming the Stanford Ranch Corporate Center as property being abandoned as of February 28, 2010 [Docket No.2259.] The estate surrendered possession of the Stanford Ranch Corporate Center as of March 1, 2010 to a state court receiver appointed at the request of the primary lienholder, Wells Fargo Bank.

7. The Trustee is informed and believes that Kobra Properties entered into a written lease agreement, as landlord, with VeriFone, Inc., as Tenant, dated June 4, 2008, for the lease of a portion of the Stanford Ranch Corporate Center (the "Stanford Ranch Lease[2]").

8. On March 31, 2010, VeriFone filed its Motion for Allowance of Administrative Claim (DCN SCX-1) [Docket No. 2379] seeking allowance in the Kobra Properties case of an administrative claim in the amount of not less than $1,157,016 based on post-petition expenses that VeriFone alleges it was "forced to incur" under the Stanford Ranch Lease and for which it asserts it is entitled to reimbursement from Kobra Properties, as the landlord.

9. The Trustee disputes that VeriFone is entitled to any administrative claim, asserts that VeriFone failed to pay significant post-petition rent due under the Stanford Ranch Lease and submits that the estate is no longer responsible for performance of the lease in light of the Abandonment Order. But to put an end to any doubt whether the estate is responsible for any ongoing obligations under the Stanford Ranch Lease, the Trustee requests authority to reject the Stanford Ranch Lease, to the extent is remains executory and is property of the estate, effective February 28, 2010, the date that the estate surrendered possession of the premises.

---

[2] A copy of the Stanford Ranch Lease is attached as Exhibit A to the Exhibit document filed in support of VeriFone's Motion for Allowance of Administrative Claim (DCN SCX-1) [Docket No.2381]

# NORTH BY NORTHEAST PROPERTY

10. One of the properties owned by Kobra Properties at the time the Chapter 11 petition was filed was located at 9715 Kincaid Drive, Suite 800 Fishers, Indiana, (the "North by Northeast Property").

11. The North by Northeast Property was included as one of the properties to be abandoned in the Abandonment Order described above. The Notice of Abandonment filed and served on February 26, 2010, also named the North by Northeast Property as property being abandoned as of February 28, 2010. The estate surrendered possession of the North by Northeast Property as of March 1, 2010 to a state court receiver appointed at the request of the primary lienholder, Wells Fargo Bank.

12. The Trustee is informed and believes that Kobra Properties entered into a written lease agreement, as landlord, with Over Inflated, LLC, an Indiana limited liability company, dba BounceU- Fishers ("Over Inflated "), as tenant, on November 29, 2007 (the "North by Northeast Lease[3]").

13. On March 31, 2010, Over Inflated filed its Motion for Allowance of Administrative Claim (DCN RTM-1) [Docket No. 2386] seeking allowance in the Kobra Properties case of an administrative claim in the amount of $151,307 based on post-petition tenant improvements it alleges it made pursuant to the terms of the North by Northeast Lease that were of substantial benefit to the estate and for which it asserts it is entitled to reimbursement from Kobra Properties, as the landlord.

14. The Trustee disputes that Over Inflated is entitled to any administrative claim and submits that the estate is no longer responsible for performance of the lease in light of the Abandonment Order. But to put an end to any doubt whether the estate is responsible for any ongoing obligations under the North by Northeast Lease, the Trustee requests authority to reject the North by Northeast Lease, to the extent is remains executory and is property of the estate, effective February 28, 2010, the date that the estate surrendered possession of the premises.

---

[3] A copy of the North by Northeast Lease is attached as Exhibit A to the Exhibit document filed in support of Over Inflated's Motion for Allowance of Administrative Claim (DCN RTM-1) [Docket No.2389]

15. Accordingly, the Trustee requests entry of an order approving the rejection of the Stanford Ranch Lease and the North by Northeast Lease (collectively the "Leases"), effective February 28, 2010, under section 365.

## ANALYSIS

16. Section 365(a) of the Bankruptcy Code provides that a trustee, "subject to the court's approval, may assume or reject any executory contract or an unexpired lease." 11 U.S.C. § 365(a). The Court may approve a trustee's rejection of an unexpired lease if such rejection is made in the exercise of the trustee's sound business judgment, and if such rejection benefits its estate. *Durkin v. Benedor Corp.* (*In re G.I. Indus., Inc.*), 204 F.3d 1276, 1282 (9th Cir. 2000); *Robertson v. Pierce* (*In re Chi-Feng Huang*), 23 B.R. 798, 799-800 (9th Cir. BAP 1982).

17. The business judgment standard requires that the Court approve the trustee's business judgment unless that judgment is the product of bad faith, whim, or caprice. *Agarwal v. Pomona Valley Medical Group, Inc.* (*In re Pomona Valley Medical Group, Inc.*), 476 F.3d 665, 670 (9th Cir. 2007) (citations omitted).

18. As an integral component of the Trustee's efforts to liquidate and maximize the value for the estate, the Trustee has determined that it is in the best interests of the estate to reject the Leases. The real properties that are the subject of the Leases have already been abandoned by the estate and possession of the premises has been surrendered in both instances to a state court receiver. Trustee does not believe that the Leases have any economic value for purposes of assumption and assignment.

19. The Trustee requests that the rejection of the Leases be effective as of February 28, 2010, the date the estate surrendered possession of the premises. Courts in the Ninth Circuit allow for retroactive rejection under appropriate circumstances. See *Pacific Shores Development, LLC v. At Home Corp.* (*In re At Home Corp.*), 392 F.3d 1064, 1069-71 (9th Cir. 2004).

## CONCLUSION

The Trustee believes it is in the best interests of the estate to reject any remaining interest the estate may have as landlord under the Leases.

///

WHEREFORE, based upon the foregoing, the Trustee requests that the Court enter an order as follows:

1. Authorizing the Trustee to reject any remaining interest of the estate in the Stanford Ranch Lease with VeriFone, Inc., effective February 28, 2010:

2. Authorizing the Trustee to reject any remaining interest of the estate in the North by Northeast Lease with Over Inflated, effective February 28, 2010; and

3. For such other and further relief as the Court may deem proper in the circumstances.

Dated: April 7, 2010

    FELDERSTEIN FITZGERALD
    WILLOUGHBY & PASCUZZI LLP

By: */s/ Donald W. Fitzgerald*
    Donald W. Fitzgerald
    Attorneys for the Chapter 11 Trustee,
    Steven L. Victor

-6-

Motion to Reject Leases of Nonresidential Real Property